IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-107-GMS |
| | ) |
| CATHY L. HOWARD, LISA A. SEMANS, | ) |
| and STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff John Lopez ("Lopez"), a prisoner incarcerated at the Delaware Correctional Institute ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and moves the court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.     THE COMPLAINT**

Lopez alleges that Cathy Howard, Clerk of the Delaware Supreme Court violated his constitutional rights when he received the Delaware Supreme Court's decision of his criminal appeal, and it was not related to his appeal, nor was it signed. Lopez alleges that he submitted a motion to the Supreme Court of Delaware for the opinion to be signed because according to him, this is routine. Lopez alleges that Lisa A. Semans ("Semans"), Senior Court Clerk for the Delaware Supreme Court did not submit his motion to the Supreme Court. He also alleges that he received a letter from Semans explaining to him that the practice of the Delaware Supreme

Court is that it does not sign its opinions. Nonetheless, Lopez alleges that the opinion deciding his criminal case should have been signed. He further alleges that he was denied his right to access the courts by the State of Delaware, because the Delaware Supreme Court never decided his case when the opinion dated November 22, 2004, was never signed. Lopez alleges this is the reason he is serving a prison sentence.

Lopez asks that his sentence and conviction be vacated, and he also seeks injunctive relief and compensatory damages.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Lopez alleges the he was denied his right to access the courts under the First Amendment when the Delaware Supreme Court refused to sign its opinion dated November 22, 2004. The court takes judicial notice that Lopez's criminal case was decided on November 22, 2004, and the matter was heard before Delaware Supreme Court Chief Justice Steel, and Justices Holland and Burger. *Lopez v. Delaware*, 861 A.2d 1245 (Del. 2004). Justice Holland wrote the opinion affirming the judgments of the Superior Court finding Lopez guilty of various drug crimes. *Id.*

Lopez's allegations fall far short from raising a deprivation of a constitutional right. The fact that the Delaware Supreme Court did not sign its November 22, 2004 opinion is not violative of Lopez's right to access the courts. Lopez's claim against has no arguable basis in law or in fact. It is frivolous and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B.  **Eleventh Amendment Immunity**

Even if Lopez had stated a claim for a constitutional violation, his claim against the State

of Delaware is barred by reason of its immunity. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corrections*, 749 F.Supp. 572, 579 (D. Del. 1990). Hence, Lopez seeks monetary relief against a defendant who is immune from suit. Therefore, the claim for monetary against the State is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C.   Quasi-Judicial Immunity

The court reiterates that Lopez has not stated a claim of a constitutional violation. Even if he had, his claims against Howard and Semans fail by reason of quasi-judicial immunity. Judicial immunity has been extended to clerks and prothonotaries when the clerk is "performing a ministerial function at the direction of [a] judge," *Waits v. McGowan*, 516 F.2d 203, 205-206 (3d Cir. 1975); *accord Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980), or performing ministerial duties of a judicial nature pursuant to a statute, *see Smith v. Rosenbaum*, 460 F.2d 1019 (3d Cir. 1972); *accord Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983), or performing acts which are judicial in nature and integral to the judicial process. *See Waits v. McGowan*, 516 F.2d at 205-06; *Smith v. Rosenbaum*, 460 F.2d at 1020; *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *Shipley v. First Federal Sav. and Loan Ass'n of Delaware*, 619 F.Supp. 421, 438-39 (D. Del. 1985).

Here, the allegations are that Lopez received a letter from Howard that his case was

submitted to the Delaware Supreme Court and that he received a letter from Semans explaining that it is the practice of the Delaware Supreme Court not to sign its opinions. Clearly, Howard and Semans are entitled to dismissal on grounds of judicial immunity as any alleged actions on their behalf were plainly integral to the judicial process. Accordingly, the claims against them are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Challenge of Conviction

Finally, to the extent that Lopez attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Here, Lopez has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck.*

To the extent Lopez seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. It is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

For the above stated reasons the court finds that the complaint is legally and factually frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d.

Cir. 1976). An appropriate order will be entered.

                                                                                                    /s/
                                                                     UNITED STATES DISTRICT JUDGE

April 12, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-107-GMS |
| | ) |
| CATHY L. HOWARD, LISA A. SEMANS, | ) |
| and STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 10 day of April, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally and factually frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE