UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2361
_____

JOHNNY LOPEZ,

<u>Appellant</u>

v.

CATHY L. HOWARD; LISA A. SEMANS; STATE OF DELAWARE
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00107)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2007
Before: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

**JUDGMENT**
_____

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered April 10, 2006 be and the same is hereby affirmed. Costs taxed against the Appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

DATED: March 9, 2007                    /s/ Marcia M. Waldron, Clerk

No. 06-2361
Lopez vs. Howard
D. C. No. 06-cv-00107
Page 2



**A True Copy:**

**Certified as a true copy and issued in lieu of a formal mandate on May 17, 2007**

Marcia M. Waldron, Clerk

**Teste: /s/ Marcia M. Waldron, Clerk,**

**United States Court of Appeals**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2361
_____

JOHNNY LOPEZ,

Appellant

v.

CATHY L. HOWARD; LISA A. SEMANS; STATE OF DELAWARE

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00107)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2007

Before: SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed: March 9, 2007)
_____

OPINION
_____

PER CURIAM

Johnny Lopez, a prisoner at the Delaware Correctional Center, appeals an order of

the United States District Court for the District of Delaware dismissing his civil rights

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  For the following reasons, we will affirm.

Lopez instituted this action against the State of Delaware and two state judicial employees alleging that the defendants violated his constitutional right of access to the courts.  Lopez alleges that members of the Delaware Supreme Court's administrative staff deliberately frustrated his efforts to obtain appellate review of his drug convictions.  In support of this claim, Lopez points out that the Delaware Supreme Court's opinion affirming his conviction does not address every argument that he raised in his filings with the Court.  He also argues that the lack of a signature on the opinion and the Court's denial of his motion for a signature is evidence that the opinion is a forgery.  He requests monetary and injunctive relief.[1]

We have jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's dismissal is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We must "accept as true all well-pled factual allegations . . . [and] examine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006) (citations omitted).  Because Lopez is proceeding pro se, we must liberally construe his pleadings.  See Dluhos v.

---

[1] Lopez also attacks the validity of his conviction.  We note that such a challenge may be brought in federal court only via a petition for a writ of habeas corpus.  See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).  Lopez has already filed a federal habeas petition, and an appeal of the District Court's denial of habeas relief is pending before this Court (3d Cir. No. 06-3758).

Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In evaluating the sufficiency of the complaint, we may take judicial notice of official court records for the purpose of ascertaining whether an allegedly "lost" claim was actually litigated.  See In re Indian Palms Associates, Ltd., 61 F.3d 197, 205 (3d Cir. 1995); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

      First, we take judicial notice of records from the Delaware Supreme Court that contradict Lopez's perfunctory allegations that members of the Court's administrative staff deliberately concealed his filings from the judges.  We note that the Delaware Supreme Court docket sheet lists all the submissions that Lopez claims to have sent to that Court.  Moreover, the Delaware Supreme Court expressly stated in its opinion that it had "reviewed the record carefully" prior to denying Lopez's appeal.  Lopez v. State, 861 A.2d 1245, 1251 (Del. 2004).  Even if we disregard these official documents and accept the allegations of official misconduct as true, the complaint still fails to state a denial of access claim because there is no indication that Lopez was precluded from asserting a non-frivolous claim.  See Christopher v. Harbury, 536 U.S. 403, 414-16 (2002).  Although Lopez claims that the Delaware Supreme Court never addressed his challenge to the legality of the state's search and seizure and the sufficiency of the evidence supporting his conviction, the Court's opinion indicates that these claims were analyzed on the merits.  See Lopez, 861 A.2d at 1248-50.

      We also reject Lopez's inference regarding the significance of the Delaware Supreme Court's issuance of an unsigned opinion.  Lopez does not cite, and we are

unable to locate, any provision under Delaware law that entitles an appellant before the Delaware Supreme Court to a signed opinion.

    For the foregoing reasons, we conclude that Lopez has failed to state a claim on which relief may be granted. Accordingly, we will affirm the District Court's dismissal of the complaint.

OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS

| Marcia M. Waldron | FOR THE THIRD CIRCUIT | Telephone |
| Clerk | 21400 United States Courthouse | 267-299-4926 |

601 Market Street
Philadelphia PA 19106-1790

www.ca3.uscourts.gov

May 17, 2007

Mr. Peter T. Dalleo, Clerk
U.S. District Court for the District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801


**RE: Docket No. 06-2361**
   **Lopez  vs. Howard**
   **D.C. No. 06-cv-00107**


Dear Mr. Dalleo:


   Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   Counsel are advised of the issuance of the mandate by copy of this letter.  A copy of the certified judgment is also enclosed showing costs taxed, if any.


                              Very truly yours,
                              MARCIA M. WALDRON, Clerk

                       By:    Carolyn Hicks, Case Manager

Enclosure

cc:
      Mr. Johnny Lopez
      Eileen K. Kelly, Esq.